Evan Livingstone, SBN 252008
Attorney at Law
740 4th St, Ste 215
Santa Rosa CA 95404
Phone: (707) 206-6570
Fax: (707) 676-9112
Email: evanmlivingstone@gmail.com

Attorney for Debtor Javier U Ramirez and Maria Isabel Hernandez

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 14-10862 |
| Javier U Ramirez and Maria Isabel Hernandez | Chapter 12 |
| Debtor(s) _____/ | **AMENDED CHAPTER 12 PLAN OF DECEMBER 4, 2014** |

Javier U Ramirez and Maria Isabel Hernandez (collectively, the "Debtors") propose this plan of reorganization (the "Plan") pursuant to the provisions of Chapter 12 of the Bankruptcy Code.

This Plan sets forth the Debtors' proposal for the satisfaction of certain claims against the Debtors. The Debtors hereby request that the Bankruptcy Court confirm the Plan. Further, pursuant to 11 U.S.C. § 1222(c), Debtors herein request that payments on the Plan extend to five (5) years.

The effective date ("Effective Date") of the plan shall be the day the Bankruptcy Court enters an order confirming the plan.

///

///

# ARTICLE I

## DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS

The claims against the Debtors are designated and classified below for purposes of the Plan.

1.1. **Class 1 (Secured Claim of Wells Fargo Home Mortgage).** Class 1 consists of the allowed secured claim of Wells Fargo Home Mortgage, or its assignee, secured by a first priority Deed of Trust relating to the real property commonly known as 132 Powell Avenue, Healdsburg, CA 95448.

1.2. **Class 2 (Secured Claims of Wells Fargo Home Mortgage and Select Portfolio Servicing).** Class 2 consists of the allowed secured claim of Wells Fargo Home Mortgage, or its assignee, secured by a first priority Deed of Trust relating to the real property commonly known as 913 Pulteny Place, Windsor, CA 95492; and the allowed secured claim of Select Portfolio Servicing, or its assignee, secured by a first priority Deed of Trust relating to the real property commonly known as 345 Stony Point ,Santa Rosa, CA 95401.

1.2.5 **Class 2.5 (Secured Claims of Wells Fargo Home).** Class 2.5 consists of the allowed secured claim of Wells Fargo Home Mortgage, or its assignee, secured by a first priority Deed of Trust relating to the real property commonly known as 367 Parkland Farms Blvd, Healdsburg, CA 95448.

1.3. **Class 3 (Secured Claim of The Security Mortgage Group).** Class 3 consists of the allowed secured claim of The Security Mortgage Group, or its assignee, secured by a second priority Deed of Trust relating to the real property commonly known as 367 Parkland Farms Blvd, Healdsburg, CA 95448.

1.4. **Class 4 (Priority Claims).** Class 4 consists of allowed claims entitled to priority pursuant to 11 U.S.C. §507.

1.5. **Class 5 (General Unsecured Claims).** Class 5 consists of all allowed unsecured Claims against the Debtors not included or provided for in any other class.

## ARTICLE II

## TREATMENT OF CLAIMS UNDER THE PLAN

2.1. **Class 1 is impaired. (Secured claim of Wells Fargo Home Mortgage)** The holder of the Class 1 claim shall be paid the total amount of holder's allowed secured claim **(payoff amount**) or an amount equal to the holder's interest in the Debtor's interest in the collateral, to be determined in accordance with Section 506 of the Bankruptcy Code, whichever amount is less. The payments shall be made in equal monthly installments of principal and interest at a market rate based upon a 30 year amortization. The market rate shall be 5.25%, unless the court determines otherwise at confirmation. The value of the collateral shall be $453,544, unless the Court determines otherwise at confirmation. Such holder shall retain its interest in the collateral, subject to avoidance by the Debtors of such interest pursuant to Section 506 of the Bankruptcy Code.

Any escrow amounts due for property taxes or insurance shall be made directly by the Debtors to the holder of the claim.

2.2. **Class 2 is not impaired. (Secured Claims of Wells Fargo Home Mortgage and Select Portfolio Servicing).** The holder of the Class 2 claims shall be paid directly by the Debtors under the terms of the original purchase and financing agreement.

2.2.5 **Class 2.5 is impaired. (Secured Claims of Wells Fargo Home).** The holder of the Class 2 claims shall be paid directly by the Debtors under the terms of the original purchase and financing agreement. Except that arrears in the amount of $3,795.20 shall be paid through the bankruptcy plan.

///

2.3. **Class 3 is not impaired. (Secured Claim of The Security Mortgage Group)**. The holder of the Class 3 claim shall be paid directly by the Debtors under the terms of the original purchase and financing agreement.

2.4. **Class 4 is impaired. (Priority Claims).** The holders of Class 4 claims shall be paid in equal monthly installments over the term of the plan.

2.5. **Class 5 (General Unsecured Claims) is impaired.** The holders of Class 5 claims shall be paid pro-rata, all remaining funds after payments of the impaired claims listed above. The amount to be paid to this class is approximately $1,355.17. Debtors estimate that holders of the allowed unsecured claims would receive the sum of $1,355.17 if the estate were liquidated under Chapter 7 of the Code.

## ARTICLE III

## PLAN PAYMENTS AND EXPENSES OF ADMINISTRATION

3.1 **Payments**. Commencing on the Effective Date of the Plan Debtors shall make payments to the Trustee on a monthly basis on the 20th day of each month for the term of the plan.

3.1.1. **The plan payments are estimated to be $3,354 per month for 60 months**. All impaired claims shall be paid through the Chapter 12 Trustee. The monthly payments on the individual impaired claims are estimated as follows:

Class 1 Claim (Claim of Wells Fargo Home Mortgage): estimated at $2,430 for 60 months. At the conclusion of the Plan, the Debtors shall make payments directly to the holder of the claim.

Class 2.5 Claims (Claim of Wells Fargo Home Mortgage): estimated at $63 for 60 months.

///

14-10862 - Amended Chapter 12 Plan of December 4, 2014 – Page 4
Case: 14-10862   Doc# 40   Filed: 12/04/14   Entered: 12/04/14 17:05:54   Page 4 of 6

1	Class 4 Claim (Priority Claims) estimated at $490 for 60 months.

2	Class 5 claims shall be paid once all priority, and administrative claims have been paid in full.

3.1.2 **Trustee Fees**. The Trustee shall be paid as provided by the Bankruptcy Code.

3.1.3. **Debtors' Counsel Fees.** Counsel for Debtors has received a total of $2,000 prior to the filing of the case. Counsel for Debtors shall apply to the Court for allowance of any future fees or expenses. Any future administrative expenses that may be allowed to Debtors' counsel shall be disbursed by the Chapter 12 Trustee from funds paid to the Trustee by the Debtors. Said funds shall be disbursed after disbursement of the estimated monthly payments referenced in section 3.1.1 of the Plan.

## ARTICLE IV

## MISCELLANEOUS

4.1. **De Minimis Distributions**. Notwithstanding any other provision of the Plan, distributions of less than $100.00 need not be made on account of any allowed claim. Any distributions that would otherwise be made but for this provision shall carry over until the next distribution date until the cumulative amount to which any holder of an allowed claim is entitled to more than $100.00, at which time the cumulative amount of such distributions will be paid to such holder.

4.2. **Vesting**. The Debtors shall be revested with the assets of the estate on the Effective Date of the Plan subject to the terms of the Plan.

4.3. **Post-Confirmation Management**. After confirmation of the plan, the Debtors shall be free to operate their farming operations without further supervision or control by the Bankruptcy Court and free of any restrictions imposed by the Bankruptcy Code except as provided in the Plan or by an order of the Bankruptcy Court. Specifically and without limitation,

the Debtors may sell, lease, or refinance their property without further Order of Court, upon written approval of the Chapter 12 Trustee.

    4.4.    **Tax Returns**. The Debtors shall file all future tax returns and pay any and all taxes owed on a timely basis. Copies of all filed returns shall be provided to Trustee within 30 days of filing.

Dated: December 4, 2014                                  /s/Javier U Ramirez
                                                                                Javier U Ramirez, Debtor

Dated: December 4, 2014                                  /s/Maria Isabel Hernandez
                                                                                Maria Isabel Hernandez , Debtor