Evan Livingstone, SBN 252008
Attorney at Law
740 4th St, Ste 215
Santa Rosa CA 95404
Phone: (707) 206-6570
Fax:    (707) 676-9112
Email: evanmlivingstone@gmail.com

Attorney for Debtors
Javier U Ramirez and Maria Isabel Hernandez

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No.    14-10862 |
| Javier U Ramirez and Maria Isabel Hernandez<br>            Debtor(s) | Chapter    11 |
| _____/ | **Chapter 11 Plan of Reorganization** |

Javier U Ramirez and Maria Isabel Hernandez, Debtor's herein, propose this plan of reorganization pursuant to the provisions of Chapter 11 of the Bankruptcy Code.

## PART I

## DEFINITIONS

For purposes of the Plan, the following terms shall have the meanings hereinafter set forth:

1.1    <u>Allowed Claim</u> shall mean a Claim (a) in respect of which a Proof of Claim has been filed with the Court within the applicable period of limitation fixed by Rule 3001, or (b) scheduled in the list of creditors prepared and filed with the Court pursuant to Rule 1007(b) and not listed as disputed, contingent or unliquidated as to amount, in either case as to which no objection to allowance thereof has been interposed with any applicable period of limitation fixed by Rule 3001, or by Order of the Court, or as to which any such objection has been determined

which is no longer subject to appeal or certiorari and as to which no appeal or certiorari proceeding is pending.

1.2. <u>Allowed Secured Claim</u> shall mean the Allowed Claim secured by a lien, security interest or other charge against the property in which Debtor has an interest, or which is subject to setoff under Section 553 of the Code to the extent of the value (determined in accordance with 506(a) of the Code) of the interest of the holder of such Allowed Claim in the Debtors' interest in such property or to the extent of the amount subject to such setoff, as the case may be.

1.3. <u>Claim</u> shall mean any right to payment, or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, against Debtors in existence on or as of the Petition Date, whether or not such right to payment or right to equitable remedy is reduced to judgment, liquidated, undisputed, legal, secured, unsecured, known or unknown.

1.4. <u>Class</u> shall mean any class into which Allowed Claims or Allowed Interests are classified pursuant to Part III.

1.5. <u>Bankruptcy Code</u> shall mean the Bankruptcy Code, 11 U.S.C. section 101, et seq., and any amendments thereof.

1.6 <u>Bankruptcy Court</u> shall mean the United States Bankruptcy Court for the Northern District of California in which the Debtors' Chapter 11 case, pursuant to which the Plan is proposed, is pending and any Court having competent jurisdiction to hear appeals or certiorari proceedings therefrom.

1.7. <u>Confirmation Date</u> shall mean the date upon which the Order of Confirmation is entered by the Court.

1.8. <u>Debtors</u> means the Debtors in this Chapter 11 case.

1.9. <u>Market Rate of Interest</u> means 3.95% per annum or such other rate of interest as the Court determines at the time of confirmation.

1.10. <u>Order of Confirmation</u> means the Order entered by the Bankruptcy Court confirming the "Plan" in accordance with provisions of Chapter 11 of the Bankruptcy Code.

1.11. <u>Petition Date</u> means June 6, 2014, the date of the filing of the voluntary petition.

1.12. <u>Plan</u> means this Chapter 11 Plan, as may be amended or modified in accordance with the Code.

1.13. <u>Rules</u> means Bankruptcy Rules, as amended and supplemented by the Suggested Interim Bankruptcy Rules, as adopted by the Court.

## PART II

## EXPENSES OF ADMINISTRATION

2.1 Administrative expenses of the Debtors' Chapter 11 case allowed pursuant to Section 503(b) of the Code shall be paid in full at the Confirmation Date unless otherwise Ordered by the Court, in cash, or upon such other terms as may be agreed upon by the holder(s) of such claim(s) and Debtor. Any fees due the U.S. Trustee and unpaid on the Confirmation Date shall be paid in full on or before the Confirmation Date.

## PART III

## DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS

The claims against the Debtors are designated and classified below for purposes of the Plan.

3.1. <u>Class 1A (Secured Claim of Wells Fargo Home Mortgage on 132 Powell Ave).</u> Class 1A consists of the allowed secured claim of Wells Fargo Home Mortgage, or its assignee, secured by a first priority Deed of Trust relating to the real property commonly known as 132 Powell Avenue, Healdsburg, CA 95448.

3.2. <u>Class 1B (Secured Claims of Wells Fargo Home Mortgage on 913 Pulteny Place).</u> Class 1B consists of the allowed secured claim of Wells Fargo Home Mortgage, or its

assignee, secured by a first priority Deed of Trust relating to the real property commonly known as 913 Pulteny Place, Windsor, CA 95492.

    3.3. <u>Class 1C (Secured Claims of Select Portfolio Servicing on 3245 Stony Point Rd).</u> Class 1C consists of the allowed secured claim of Select Portfolio Servicing, or its assignee, secured by a first priority Deed of Trust relating to the real property commonly known as 3245 Stony Point Rd, Santa Rosa, CA 95401.

    3.4 <u>Class 1D (Secured Claims of Wells Fargo Home Mortgage on 367 Parkland Farms Blvd).</u> Class 1D consists of the allowed secured claim of Wells Fargo Home Mortgage, or its assignee, secured by a first priority Deed of Trust relating to the real property commonly known as 367 Parkland Farms Blvd, Healdsburg, CA 95448.

    3.5. <u>Class 1E (Secured Claim of The Security Mortgage Group on 367 Parkland Farms Blvd).</u> Class 3 consists of the allowed secured claim of The Security Mortgage Group, or its assignee, secured by a second priority Deed of Trust relating to the real property commonly known as 367 Parkland Farms Blvd, Healdsburg, CA 95448.

    3.6. <u>Class 2 (Priority Claims).</u> Class 4 consists of allowed claims entitled to priority pursuant to 11 U.S.C. §507.

    3.7. <u>Class 3 (General Unsecured Claims).</u> Class 5 consists of all allowed unsecured Claims against the Debtors not included or provided for in any other class.

## PART IV

## TREATMENT OF CLAIMS UNDER THE PLAN

    4.1. <u>Class 1A (Secured Claim of Wells Fargo Home Mortgage on 132 Powell Ave) is impaired.</u> The holder of the Class 1 claim shall be paid the total amount of holder's allowed secured claim or an amount equal to the holder's interest in the Debtor's interest in the collateral, to be determined in accordance with Section 506 of the Bankruptcy Code, whichever amount is

14-10862 - Chapter 11 Plan of Reorganization – Page 4
Case: 14-10862   Doc# 62   Filed: 06/25/15   Entered: 06/25/15 15:16:51   Page 4 of 12

less. The payments shall be made in equal monthly installments of principal and interest at a market rate based upon a 30 year amortization. The market rate shall be 3.95%, unless the court determines otherwise at confirmation. The value of the collateral shall be $519,164, unless the Court determines otherwise at confirmation. Such holder shall retain its interest in the collateral, subject to avoidance by the Debtors of such interest pursuant to Section 506 of the Bankruptcy Code. Any escrow amounts due for property taxes or insurance shall be made directly by the Debtors to the holder of the claim.

  4.2. <u>Class 1B (Secured Claims of Wells Fargo Home Mortgage on 913 Pulteny Place) is not impaired.</u> The holder of the Class 1B claim shall be paid directly by the Debtors and or Debtor's son Javier Ramirez under the terms of the original purchase and financing agreement or any modifications that have been agreed to between the holder of the secured claim and Debtors' son, Javier Ramirez.

  4.3. <u>Class 1C (Secured Claims of Select Portfolio Servicing on 3245 Stony Point Rd is not impaired.).</u> The holder of the Class 1C claim shall be paid directly by the Debtors under the terms of the original purchase and financing agreement.

  4.4 <u>Class 1D (Secured Claims of Wells Fargo Home Mortgage on 367 Parkland Farms Blvd) is impaired.</u> The holder of the Class 1D claim shall be paid directly by the Debtors under the terms of the original purchase and financing agreement. This secured lienholder has filed a secured claim showing an arrearage of $3,794.20. Debtor will cure this arrearage on or before the effective date of the plan.

  4.5. <u>Class IE (Secured Claim of The Security Mortgage Group on 367 Parkland Farms Blvd) is impaired.</u> The holder of the Class IE claim shall be paid directly by the Debtors under the terms of the original purchase and financing agreement. However, Debtors have fallen

behind on their post-petition payments in the amount of $1,161. . Debtor will cure this arrearage on or before the effective date of the plan.

4.6. <u>Class 2 (Priority Claims) are not impaired.</u> The holders of Class 2 claims shall be paid the full amount of their claims with interest and penalties on or before the effective date of the plan.

4.7. <u>Class 3 (General Unsecured Claims) are impaired.</u> The holders of Class 3 claims shall be paid the full amount of their claims without interest on or before the effective date of the plan.

## PART V

## MEANS FOR THE PLAN'S EXECUTION

5.1. Debtors will continue to generate income from Debtor Javier Ugalde Ramirez's income as a limited partner of Bevill Vineyard Management, LLC and from Debtor Maria Isabel Hernandez's employment and unemployment income.

5.2. Debtors will continue to generate rental income from the rental properties and 132 Powell Ave, Healdsburg, 3245 Stony Point Rd, Santa Rosa and 333 March Ave, Healdsburg.

5.3. Debtors will liquidate as much of Debtor Javier Ugalde Ramirez's IRA account as is necessary to pay all priority unsecured and general unsecured claims by the effective date of the plan.

5.4. Debtor shall commence monthly payments to the holder of Class 1A claims (Secured Claim of Wells Fargo Home Mortgage on 132 Powell Ave) on or before the effective date of the plan.

5.5. Debtors shall pay property taxes on the 132 Powell Ave, Healdsburg property and on the 333 March Ave, Healdsburg property as those taxes become due.

5.6. No party shall take any action against the Debtors, their assets, or assets of the estate inconsistent with the terms of the within Plan.

5.7. The Debtors shall pay all unsecured creditors on or before the effective date of the Plan.

5.8. The Debtors shall comply with post confirmation reporting requirements to the U.S. Trustee and payment of U.S. Trustee fees post confirmation until entry of Final Order as required by law. Nothing contained in the Plan shall impose or expand the requirements for reporting and payment of fees as set forth by statute and/or case law. In the event the case is converted to a case under Chapter 7, the assets shall re-vest in the Chapter 7 estate.

5.9. Should the Debtors default on their obligations to pay secured creditors pursuant to the herein Plan, such creditors may exercise non-judicial remedies pursuant to State Law after fifteen (15) days written notice is given by first class mail postage prepaid. Such a default shall not constitute a material default under the Plan.

5.10. Confirmation of the herein Plan shall operate as a cure of any and all pre-confirmation defaults.

## PART VI

### EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.1. Debtors are not parties to any executory contracts or unexpired leases. Debtors are lessors for rental properties at 132 Powell Ave, Healdsburg, 3245 Stony Point Rd, Santa Rosa and 333 March Ave, Healdsburg. However all rental agreements for these properties have expired and are now continue on a month-to-month basis.

## PART VII

### DISCHARGE AND OTHER EFFECTS OF CONFIRMATION

7.1. **Discharge.** Debtor shall not receive a discharge of debts until Debtor makes all payments due under the Plan or the court grants a hardship discharge.

7.2. **Vesting of Property.** On the Effective Date, all property of the estate and interests of the Debtor will vest in the reorganized Debtor pursuant to § 1141(b) of the Bankruptcy Code free and clear of all claims and interests except as provided in this Plan, subject to revesting upon conversion to Chapter 7 as provided in Part 9.6 below.

7.3. **Plan Creates New Obligations.** Except as provided in Part 8.4 and 8.5, the obligations to creditors that Debtor undertakes in the confirmed Plan replace those obligations to creditors that existed prior to the Effective Date of the Plan. Debtor's obligations under the confirmed Plan constitute binding contractual promises that, if not satisfied through performance of the Plan, create a basis for an action for breach of contract under California law. To the extent a creditor retains a lien under the Plan, that creditor retains all rights provided by such lien under applicable non-Bankruptcy law.

## PART VIII

## REMEDIES IF DEBTOR DEFAULTS IN PERFORMING THE PLAN

8.1. **Creditor Action Restrained.** The confirmed Plan is binding on every creditor whose claims are provided for in the Plan. Therefore, even though the automatic stay terminates on the Effective Date with respect to secured claims, no creditor may take any action to enforce either the pre-confirmation obligation or the obligation due under the Plan, so long as Debtor is not in material default under the Plan, except as provided in Part 8.4 below.

8.2. **Obligations to Each Class Separate.** Debtor's obligations under the Plan are separate with respect to each class of creditors. Default in performance of an obligation due to members of one class shall not by itself constitute a default with respect to members of other classes.

8.3. <u>Material Default Defined</u>. If Debtor fails to make any payment, or to perform any other obligation required under the Plan, for more than 10 days after the time specified in the Plan for such payment or other performance, any member of a class affected by the default may serve upon Debtor and Debtor's attorney (if any) a written notice of Debtor's default. If Debtor fails within 30 days after the date of service of the notice of default either: (i) to cure the default; (ii) to obtain from the court an extension of time to cure the default; or (iii) to obtain from the court a determination that no default occurred, then Debtor is in Material Default under the Plan to all the members of the affected class.

8.4. <u>Remedies Upon Material Default</u>. Upon Material Default, any member of a class affected by the default: (i) may file and serve a motion to dismiss the case or to convert the case to Chapter 7; or (ii) without further order of the court has relief from stay to the extent necessary, and may pursue its lawful remedies to enforce and collect Debtor's pre-confirmation obligations.

8.5. <u>Claims not Affected by Plan</u>. Upon confirmation of the Plan, and subject to Part 7.3, any creditor whose claims are left unimpaired under the Plan may, notwithstanding paragraphs (a), (b), (c), and (d) above, immediately exercise all of its contractual, legal, and equitable rights, except rights based on default of the type that need not be cured under section 1124(2)(A) and (D).

8.6. <u>Effect of Conversion to Chapter 7</u>. If the case is at any time converted to one under Chapter 7, property of the Debtor shall vest in the Chapter 7 bankruptcy estate to the same extent provided for in section 348(f) of the Bankruptcy Code upon the conversion of a case from Chapter 13 to Chapter 7.

8.7. <u>Retention of Jurisdiction</u>. The bankruptcy court may exercise jurisdiction over proceedings concerning: (i) whether Debtor is in Material Default of any Plan obligation; (ii) whether the time for performing any Plan obligation should be extended; (iii) adversary

proceedings and contested matters pending as of the Effective Date or specifically contemplated in this Plan to be filed in this court (see Part 9.5); (iv) whether the case should be dismissed or converted to one under Chapter 7; (v) any objections to claims; (vi) compromises of controversies under Fed. R. Bankr. Pro. 9019; (vii) compensation of professionals; (viii) modifications of confirmed plan, and (ix) other questions regarding the interpretation and enforcement of the Plan.

## PART IX

## GENERAL PROVISIONS

9.1. <u>Effective Date of Plan.</u>  The Effective Date of the Plan is the thirtieth (30) day following the date of the entry of the order of confirmation, if no notice of appeal from that order has been filed.  If a notice of appeal has been filed, Debtor may waive the finality requirement and put the Plan into effect, unless the order confirming the Plan has been stayed.  If a stay of the confirmation order has been issued, the Effective Date will be the first day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

9.2. <u>Cramdown.</u>  Pursuant to section 1129(b) of the Bankruptcy Code, Debtor reserves the right to seek confirmation of the Plan despite the rejection of the Plan by one or more classes of creditors.

9.3. <u>Severability.</u>  If any provision in the Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

9.4. <u>Governing Law.</u>  Except to the extent a federal rule of decision or procedure applies, the laws of the State of California govern the Plan.

9.5 <u>Adversary Proceedings</u>. Debtor does not believes that the estate has aby causes of action for fraudulent transfers, voidable preferences, or other claims for relief the prosecution of which would benefit the estate.

9.6. <u>Notices</u>. Any notice to the Debtor shall be in writing, and will be deemed to have been given three days after the date sent by first-class mail, postage prepaid and addressed as follows:

> Javier U Ramirez and Maria Isabel Hernandez
> c/o Evan Livingstone
> Attorney at Law
> 740 4th St, Ste 215
> Santa Rosa, CA 95404

9.7. <u>Post-Confirmation United States Trustee Fees</u>. Following confirmation, Debtor shall continue to pay quarterly fees to the United States Trustee to the extent, and in the amounts, required by 28 U.S.C. § 1930(a)(6). So long as Debtor is required to make these payments, Debtor shall file with the court quarterly reports in the form specified by the United States Trustee for that purpose.

9.8. <u>Deadline for § 1111(b) Election</u>. Creditors with an allowed secured claim can make a timely election under section 1111(b) no later than 14 days before the first date set for the hearing on confirmation of the Plan.

9.9. <u>No. Alteration of Third Parties' Rights.</u> Except as expressly stated in the Plan, nothing contained in the Plan or any action taken hereunder alters the rights of holders of claims or interests under Bankruptcy Code Sections 510(a) or 524(a). Except as expressly stated in the Plan, holders of secured claims shall retain their liens on the Debtors' assets to the extent of the allowed amount of such claim.

9.10. <u>Reservation of Rights</u>. Neither the filing of this Plan nor any statement or provision contained herein, shall be or be deemed to be an admission against interest.

| | |
|---|---|
| Dated: June 24, 2015 | /s/Javier U Ramirez<br>Javier U Ramirez, Debtor |
| Dated: June 24, 2015 | /s/Maria Isabel Hernandez<br>Maria Isabel Hernandez, Debtor |